| 28 | 737 |
| 72 | 767 |

THOMAS SULLIVAN *vs.* J. G. BLACKWELL.

It is not competent to show otherwise than by the record, that a ward had notice of a proceeding in court, or to show a waiver of such notice by his personal appearance in court; for in order to render such proceeding of the court regular, it was necessary that every thing requisite to show the jurisdiction, should appear by the face of the record.

It is not shown, in this case, that the account was allowed and ordered to be recorded by the court, or that the ward was present when it was before the court for its action. The guardian was still liable to the jurisdiction of the court, until he should render a regular and complete account of his trust. *Held*, that it is no objection to the liability of the guardian, that the ward had acquiesced at the time in an irregular account not made in accordance with law, by receiving a balance due him as stated in the account.

Courts look upon settlements made by guardians with wards, recently come of age, with distrust, and will not consider them binding unless made with the fullest deliberation, and the most abundant good faith on the part of guardians. *Held*, that the petition in the probate court was improperly dismissed.

FISHER, J., *dissent.* — The private settlement of the ward with his guardian after the ward became of age, and his acknowledging it to be a correct settlement, and the ward having given the guardian a full acquittance, is a good defence to the future application by the ward to compel the guardian to account.

FISHER, J., *dissent.* — The probate court having authority to compel a guardian

to account in a proper case, must, of necessity, have authority to determine what shall be a sufficient justification for his not so accounting.

ON appeal from the probate court of Smith county; Hon. William Cox, probate judge of Smith county.

The facts of the case are contained in the opinion of the court.

*H. F. Johnson,* for appellee.

The plaintiff in error assigns the following as errors in the court below : —

1. The court erred in overruling the application, made by Sullivan for a continuance of the cause to the next term of the court.

2. The court erred in overruling the objection to the introduction of parol testimony, to prove that Sullivan was in court at the time the settlement was made, and in permitting other evidence than the record to be introduced to prove such fact.

3. The court erred in overruling the objection to the introduction of Duckworth, to prove the execution of the receipt, filed with respondent's plea, it not being shown that McIntyre, the subscribing witness to said receipt, could not have been had in attendance.

*W. C. Harper,* for appellee.

For the defendant in error it is insisted that the judgment of the court below, in dismissing the plaintiff's petition, was correct, and must be affirmed. This was a proceeding by petition (not by bill of review) to set aside the previous final settlement of Blackwell, as guardian of plaintiff. If the settlement was void, it was not necessary to set it aside. To annul a nullity is a solecism in language. To ask, or petition to set aside that which has no existence, is an absurdity. If void, it is not in the way of any one, and no more in legal contemplation than in the order of nature. The issue was tried on the plea of defendant, that the settlement was duly made at the request of plaintiff who was present in court by himself, examined the account for final settlement, agreed to it, ratified and con-

firmed it, and received the balance due him, and gave his receipt therefor.   The plea is replied to, and on the trial is found to be true.   The plaintiff then had his day in court, and if he were personally present, it was a waiver of process to bring him in, and would be a gross fraud in him to take advantage of any alleged clerical omission in the record to state the fact that he was personally present in court, and contested the settlement made by his guardian, Blackwell.   This he will not be permitted to do.   In the case of *Vertner and wife* v. *J. T. Murran*, *Admr.*, Freeman's Ch. R. 136, a plea precisely similar to one in question was filed and demurred to, and though the chancellor sustained the demurrer on other grounds, yet the high court reversed the decision, because the plea alleged notice, and the demurrer admitted the fact, and consequently the judgment was final and conclusive, though the record of that case on the final settlement of the estate, does not affirmatively show either that notice was given, or that the party to be charged was present in court.   See opinion of high court, in same case, Freeman's Ch. R. 149–154, and in *Hendricks* v. *Huddleston*, 5 S. & M. 422, the record showed no notice to the ward, still the petition to set aside the final settlement contained an implied admission of the fact that the party was present in court at the settlement, and was estopped from afterwards objecting to it.   This last case is, in all its features, similar to the present, and a direct authority thereon.   See 5 S. & M. 422.

But the final settlement made by Blackwell, is not made a part of the record, by the bill of exceptions, or in any other way, and for aught that this court can know, it is on its face regular and valid.   The copy of the final settlement found among the papers is no part of the record, and in fact was made out long after the record was filed, and is certified by a different clerk of the probate court, and cannot be legally considered in this case. All presumptions are in favor of the judgment of the court below, and it is incumbent on the plaintiff in error to point out in the record the particular error complained of.   The affidavit for a continuance is not embodied in the record, and the court will be presumed to have properly refused it.   Its allowance or disallowance is not ground of error, being merely a matter of dis-

cretion, and the plaintiff himself shows that this discretion was properly exercised. He objects to the admission of any testimony except the record, but moves for a continuance to obtain, if he might be so fortunate in his search, some other parol testimony which might by possibility have some application to some point involved in the case; but what is the testimony, who are the witnesses, to what points it would apply, why it was not present, and why he first brought his suit with the forlorn hope that he might long afterwards hunt up some kind of testimony to sustain it, he has left us in hopeless ignorance. The validity of the final settlement by Blackwell, being the only matter in controversy, and that settlement not being part of the record, the judgment of the court below in dismissing plaintiff's petition to set it aside, must (as it carries with it every presumption in its favor, unless the error is pointed out from the record) be affirmed.

Mr. Justice HANDY delivered the opinion of the court.

This was a petition filed in the probate court of Smith county, by the appellant, a ward, against the appellee, his guardian, alleging that the guardian had returned to that court several annual accounts which were improper and erroneous, and at the October term, 1851, that he returned what .purported to be his final account. The petition seeks to set aside this account on the following grounds. 1. That it was made without legal notice, and the record does not show that any notice was given, or that the petitioner appeared in court when it was before the court. 2. Because it charges the petitioner with large sums of money, exceeding the income of his estate, unsuited to his condition, and paid without any decree or order of the court authorizing the same. 3. Because it does not appear from the records of the court, that the account was examined, allowed, or ordered to be recorded, or otherwise acted upon by the court. And he prays that the guardian be required to make a full and complete account of his estate, and of his proceedings thereupon.

The guardian appeared and pleaded in bar, that upon the demand of the petitioner, then of full age, he made and ex-

hibited to the court a full, true, and perfect account of his guardianship at October term, 1851, which was examined by the petitioner and acknowledged by him to be correct, and both parties appeared in open court, and said account was then presented, and was examined, allowed, and ordered to be recorded, by the consent of the petitioner in open court, and afterwards that the petitioner executed his receipt in full to respondent for the balance of the money due him by said account; which account and settlement he relies on as a bar to the petition.

Upon the hearing, the probate court dismissed the petition, and hence the case is brought here by appeal.

The first question presented relates to the competency of the testimony introduced by the appellee to show that the appellant was present in court when the guardian's account was presented, and acted on by the court at October term, 1851. For this purpose, the probate clerk and the probate judge were introduced and permitted to testify. This was error. It was not competent to show, otherwise than by the record, that the ward had notice of the proceeding, or a waiver of such notice by his personal appearance in court; for in order to render the proceeding of the court regular, it was necessary that every thing requisite to show the jurisdiction should appear by the face of the record.

The next question is, How does the case stand under the plea in bar? That plea relies on two facts as constituting a sufficient answer to the petition: first, that the final account was presented, examined, allowed, and ordered to be recorded by the court, the appellant being present in court; and, second, that the ward received from the guardian the balance due him on that account, and executed his receipt for the same. The first of these positions is denied, and is not established by proof. It is neither shown that the account was allowed and ordered to be recorded by the court, nor that the ward was present when it was before the court for its action. And it could not, therefore, be relied on as a bar to further accountability by the guardian. He was still liable to the jurisdiction of the court until he should render a regular and complete account of his trust.

Nor was it any objection to that liability that the ward had

acquiesced at the time in an irregular account not made in accordance with law, by receiving a balance due him as stated in the account. If, as is alleged here, the guardian did not return a true account of the moneys received by him on account of the estate, and the account contained charges for illegal expenditures on account of the ward, his mere receipt of the balance stated by the account to be due, would not preclude him from afterwards impeaching the account, and requiring a just and legal settlement through the medium of the proper legal tribunal. Courts look upon settlements made by guardians with wards recently come of age, with distrust, and will not consider them binding unless made with the fullest deliberation and the most abundant good faith on the part of the guardian. Story, Eq. Jur. § 317.

As a private accounting, therefore, the receipt executed by the ward cannot, under the state of facts set forth in the petition in this case, discharge the guardian from a proper accounting with that court with which he has never legally settled his account for the trust committed to him.

Under these views, the order dismissing the petition was erroneous, and is reversed, and the case remanded to the court below, and the respondent below required to answer the petition in forty days.

Mr. Justice FISHER delivered the following dissenting opinion.

This was a proceeding by a ward against his guardian, in the probate court of Smith county, to compel the latter to exhibit to the court his final account, and to settle with the ward.

The guardian appeared and interposed, as a plea to the petition, a final settlement made in the said court at a former term; that the ward, who was of full age, was present in court and admitted the correctness of the account there exhibited and passed upon by the court; that after this proceeding in court, the ward executed to the guardian a receipt in full for the balance due him by the account, as well as for the other property in the hands of the guardian.

Sullivan *v.* Blackwell.

It is however insisted, on behalf of the ward, that as the record must show that the court had jurisdiction of both the subject-matter and the person of the party to be affected by the judgment, and as it does not appear by the record that the ward either had notice of said settlement, or voluntarily appeared in court and contested or approved the same when it was made, the settlement must be treated as void. The general correctness of these positions may be admitted.

But while the proceeding may be void as a judgment, may it not, nevertheless, be sustained as an account stated between the parties? I am clearly of opinion that it may. The ward was of full age, and could make a settlement without any action of the court whatever, which would bind him. It was only necessary to invoke the aid of the probate court to compel the guardian to make a settlement, when he would not voluntarily settle with his ward, or do what law and justice required.

The facts amount to a private settlement of the guardianship by the parties themselves out of court, and the question is, when such a settlement has been made, and the ward has acted upon it, by admitting it to be correct, and giving the guardian an acquittance in full, whether it can be interposed as a defence to a future application by the ward to compel the guardian to account. I respond that it can. The question is under the facts, as shown by both parties, whether the guardian ought to be required further to account with the ward. The ward says to the guardian, you have not legally accounted to the court touching your guardianship. The guardian replies, this is very true, but I have nevertheless legally accounted with you, the ward, out of court, and have therefore voluntarily done what you propose to compel me to do. This is in substance the case between the parties. The probate court having authority to compel the guardian to account in a proper case, must of necessity have authority to determine what shall be sufficient to excuse an account, or to justify him in not accounting. I differ with the majority of the court, so far as their views do not conform to the above opinions.